IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60091
Summary Calendar
_____

BENJAMIN EKENE NEZIANYA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

- - - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A29-400745
- - - - - - - - - - -
December 31, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Benjamin Ekene Nezianya petitions this court to review an order of the Board of Immigration Appeals ("BIA") dismissing his appeal seeking reversal of an order of deportation issued against him. The immigration judge issued the order of deportation based on documentary evidence showing that Nezianya had violated his nonimmigrant student status by engaging in unauthorized employment, in violation of section 241(a)(1)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(C)(i).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"An order of deportation . . . shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . . ."  8 U.S.C. § 1105a(c).  As exhaustion of remedies is statutorily-mandated, this court lacks subject-matter jurisdiction to hear any unexhausted arguments.  See Rodriguez v. INS, 9 F.3d 408, 414 (5th Cir. 1993); Townsend v. INS, 799 F.2d 179, 181 (5th Cir. 1986).

Nezianya argues that, although he may have been employed subsequently, the Immigration and Naturalization Service failed to prove that he was actually employed on June 4, 1991, as charged in the Order to Show Cause.  Nezianya further alleges that he was a minor on June 4, 1991, and therefore lacked the capacity to enter into an enforceable employment contract on that date.  Nezianya failed to raise both of these arguments in his deportation hearing and his appeal to the BIA.  As Nezianya failed to exhaust all of the administrative remedies available to him regarding these arguments, we lack subject-matter jurisdiction over them and are precluded from considering them.

DISMISSED.